MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:    F. JAMES LOPREST, JR.
Special Assistant United States Attorney
86 Chambers Street, Room 410
New York, New York 10007
Tel. No.: (212) 637-2728

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
XIN QIANG CHEN (A70 505 375), SHU ZHU LI        :
(A77 377 295), YAN QIN CHEN (A77 377 296), and
YU BIN CHEN (A77 377 297),                      :

                     Plaintiffs,            :

                  - v. -                         :

USCIS NEBRASKA SERVICE CENTER,                  :

                     Defendant.             :
------------------------------------------------------------------------x

ANSWER

08 Civ. 1714 (JSR)

ELECTRONICALLY FILED

      Defendant United States Citizenship and Immigration Services ("CIS") Nebraska Service Center ("defendant" or "Government"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answers the complaint of Plaintiffs Xin Qiang Chen (A70 505 375), Shu Zhu Li (A77 377 295), Yan Qin Chen (A77 377 296), and Yu Bin Chen (A77 377 297) (collectively, "plaintiffs"), upon information and belief, as follows:

      1.     Neither admits nor denies the allegations in paragraph 1 of the complaint because they constitute plaintiffs' characterization of this action, prayer for relief, and/or conclusions of law, to which no response is required; except admits that plaintiffs have submitted applications ("adjustment applications" or "Form I-485 applications") to the CIS's Nebraska Service Center, seeking discretionary adjustments of their respective immigration statuses to that of lawful permanent

residents of the United States, pursuant to §§ 209(a) and 245(a) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. §§ 1159(a) & 1255(a); and respectfully refers the Court to the documents attached to the complaint and referred to in paragraph 1 for true and accurate statements of their contents. In further response to the allegation in paragraph 1, defendant avers that Congress has required that every applicant for adjustment of immigration status undergo an investigation in into his background, based upon his fingerprints, by the Federal Bureau of Investigation ("FBI"), see Pub. L. No. 103-317, Title V, § 506(d), 108 Stat. 1725, 1766 (1994), and that, until such investigation has been completed, plaintiffs are ineligible for grants of adjustment of status.

2.    Neither admits nor denies the allegations in paragraph 2 because they constitute conclusions of law, to which no response is required; and respectfully refers the Court to the statute cited in paragraph 2 for an accurate statement of its provisions. To the extent that a further response to the allegations in paragraph 2 is required, defendant denies the allegations.

3.    Denies knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 3; except admits that: (1) plaintiff Xin Qiang Chen was granted asylum in the United States on a conditional basis on or about February 19, 1998; (2) the condition was removed on or about November 16, 1999; and (3) he submitted an adjustment application to the Immigration and Naturalization Service (the CIS's predecessor agency) on or about November 27, 2000. In further response to the allegations in paragraph 3, defendant avers that: (1) Xin Qiang Chen seeks adjustment of immigration status based upon his conditional grant of asylum in the United States, pursuant to INA § 208(a), 8 U.S.C. § 1158(a); (2) the basis of his eligibility for asylum was initially conditional because Congress, in former INA § 207(a)(5), 8 U.S.C. § 1157(a)(5), limited to

1,000 per annum the number of aliens who may be granted asylum in the United States based on their claimed opposition to coercive family-planning laws; (3) Congress, in former INA § 209(b), 8 U.S.C. § 1159(b), further limited to 10,000 per annum the number of aliens to whom it may extend discretionary grants of adjustment of status based on those aliens having been granted asylum in the United States, pursuant to INA § 208(a), 8 U.S.C. § 1158(a); (4) the CIS maintains a waiting list of aliens who have been found eligible for grants of asylum based upon their claimed opposition to coercive family-planning laws; (5) applicants on the waiting list are ranked according to the priority of the date on which they were found eligible for asylum; and (6) the applications are currently being adjudicated by the CIS's Nebraska Service Center, located in Lincoln, Nebraska. In further response to the allegations in paragraph 3, defendant avers that on May 11, 2005, President Bush signed into law the Real ID Act of 2005, provisions of which amended: (1) INA § 207(a)(5), 8 U.S.C. § 1157(a)(5), by eliminating the annual cap on the number of aliens who may be granted political asylum based on their claimed opposition to coercive family-planning laws; and (2) INA § 209(b), 8 U.S.C. § 1159(b), by eliminating the annual cap on the number of aliens to whom the CIS may extend grants of adjustment based on grants of asylum, see Real ID Act of 2005, Pub. L. No. 109-13, Title I, § 101(g)(1)(A), 119 Stat. 231, 235 (May 11, 2005). In further response to the allegations in paragraph 3, defendant avers that until the enactment of the Real ID Act, Xin Qiang Chen was not eligible for asylum-based adjustment, because of the relatively low priority of his application on the waiting list compared to earlier-filed applications.

    4.    Denies knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 4 that plaintiff Shu Zhu Li is Xin Qiang Chen's wife and that plaintiffs Yan

Qin Chen and Yu Bin Chen are Xin Qiang Chen's daughters; and admit the remaining allegations in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the accuracy of the allegations in paragraph 5 that plaintiffs "made inquiries regularly" regarding their adjustment applications; admits the remaining allegations in paragraph 5; and avers that the administrative files ("A files") maintained by the CIS (and formerly the INS) with respect to plaintiffs (alien registration numbers A70 505 375, A77 377 295, A77 377 296, and A77 377 297) do not contain any written inquires by plaintiffs regarding their adjustment applications; nor any response to any such inquiries by the INS or CIS.

6. Denies the allegations in paragraph 6.

7. Neither admits nor denies the allegations in paragraph 7 because they constitute conclusions of law, to which no response is required. To the extent that a further response to the allegations in paragraph 7 is required, defendant denies the allegations.

## AS AND FOR A FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

## AS AND FOR A SECOND DEFENSE

Plaintiffs' claims are unripe for review.

## AS AND FOR A THIRD DEFENSE

Plaintiffs have failed to exhaust administrative remedies.

## AS AND FOR A FOURTH DEFENSE

The complaint fails to state a claim upon which relief can be granted.

<u>AS AND FOR A FIFTH DEFENSE</u>

Plaintiffs have failed to show they are owed a peremptory duty that defendant has refused to perform.

<u>AS AND FOR A SIXTH DEFENSE</u>

Mandamus will not lie against defendant to control the exercise of its administrative judgment and discretion.

<u>AS AND FOR A SEVENTH DEFENSE</u>

The CIS is constrained by statute from granting plaintiffs' adjustment applications until the FBI has completed an investigation into their respective backgrounds based upon their fingerprints. <u>See</u> Pub. L. No. 103-317, Title V, § 506(d), 108 Stat. 1725, 1766 (1994).

<u>AS AND FOR AN EIGHTH DEFENSE</u>

Plaintiffs do not merit adjustment of status as an exercise of the CIS's discretion.

<u>AS AND FOR A NINTH DEFENSE</u>

Because the CIS was formerly constrained to limit to 1,000 <u>per</u> <u>annum</u> the number of aliens who may be granted asylum in the United States based on their claimed opposition to coercive family-planning laws, and to further limit to 10,000 <u>per</u> <u>annum</u> the number of aliens to whom the Government may extend discretionary grants of adjustment of status based on those aliens' grants of asylum, plaintiffs were not eligible for such adjustment (because of the relatively low priority of his application on the waiting list compared to earlier-filed applications) until the enactment of the Real ID Act. <u>See</u> <u>Saleh v. Ridge</u>, 367 F. Supp. 2d 508, 511 (S.D.N.Y. 2005) (dismissing complaint seeking to compel adjudication of asylum-based adjustment application; holding that alien's "request for adjudication [of his adjustment application] disregards entirely the fact that there are 160,000 applications pending aside from his own").

## AS AND FOR A TENTH DEFENSE

Venue is not proper in this District.

## AS AND FOR AN ELEVENTH DEFENSE

Plaintiffs have not effected proper service of process upon defendant.

## AS AND FOR A TWELFTH DEFENSE

The Court lacks personal jurisdiction over defendant.

WHEREFORE, defendant respectfully requests that this Court enter judgment dismissing the complaint in its entirety and for such other relief as this Court deems proper.

Dated: New York, New York
April 28, 2008

        MICHAEL J. GARCIA
        United States Attorney for the
        Southern District of New York
        Attorney for Defendant

By: /s/
    F. JAMES LOPREST, JR.
    Special Assistant United States Attorney
    86 Chambers Street, Room 410
    New York, New York  10007
    Tel. No.:  (212) 637-2728

TO: ALFRED SIU LUI, ESQ.
    33 Bowery, Suite C201
    New York, New York 10002